UNITED STATES DISTRCT COURT
DISTRICT OF MINNESOTA

DANIEL LEMIRE,                                          Civ. No. 13-3235 (ADM/JSM)

REPORT AND RECOMMENDATION

Plaintiff,

v.

MENARD, INC.,

Defendant.

The above matter came before the undersigned on this Court's Order dated October 9, 2014.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(A), (B), Local Rule 72.1.

For the reasons set forth below, this Court recommends that plaintiff's claims be dismissed without prejudice.

I.     **BACKGROUND**

A.     **Plaintiff's Complaint**

Plaintiff Daniel Lemire sued Menard, Inc. ("Menard") in state district court on November 12, 2013, alleging that he was injured when he slipped and fell on some ice at the exit of a Menard store on February 16, 2013.  Complaint, ¶I-III.  Lemire alleged that as a result of his fall he suffered injuries to his back, neck and knees.  Id., ¶IV.  Based on diversity jurisdiction, Menard removed the lawsuit to Federal District Court pursuant to 28 U.S.C. § 1332(a)(1).  Notice of Removal, p. 1 [Docket No. 1].  Menard answered the Complaint, denying liability for Lemire's injuries.  Answer [Docket No. 4].  Attorney Joshua Stokka drafted the Complaint.  See Complaint.  On November 25,

2013, the Clerk of Court issued a notice that Stokka was not admitted to practice in the Federal District Court and if he wanted to be listed as an attorney of record, he either had to be admitted or temporarily admitted pro hac vice.  See Notice Re: Non-Admitted Attorney [Docket No. 6].  For reasons unknown to this Court, Stokka chose not to be admitted and Lemire proceeded pro se.

**B.    Lemire's Failure to Comply with Court Orders**

On March 31, 2014, this Court issued its Order for Pretrial Conference.  See [Docket No. 7].  This Order notified Lemire that the pretrial conference would be held on May 27, 2014, and required the parties to complete a Fed. R. Civ. P. 26(f) report.  Id., p. 2.  Menard's Rule 26(f) report stated that its counsel conferred with Lemire, but he could not complete the report jointly.  See Defendant's Rule 26(f) Report, p. 1 [Docket No. 8].  By email dated April 29, 2014, Lemire instructed Menard's attorney not to contact him.  Id.  Lemire failed to appear at the pretrial scheduling conference.  See Minute Entry dated May 27, 2014 [Docket No. 9].  On June 3, 2014, this Court referred Lemire to the Minnesota Chapter of the Federal Bar Association's Pro Se Project.  See Docket No. 10 (correspondence from this Court to Lemire).  The Court has no information regarding any communications between representatives of the Pro Se Project and Lemire.

On June 3, 2014, this Court issued an Order to Show Cause requiring Lemire to appear on June 30, 2014 to show cause (a) why he failed to obey the Order for Pretrial Conference and failed to appear at the pretrial scheduling conference, and (b) why he should not be ordered to reimburse Menard for the fees and costs incurred by Menard in connection with his failure to appear at the conference.  Order, p. 1 [Docket No. 11].

This Court stated "[f]ailure to comply with this order may result in the imposition of sanctions including dismissal of this action." Id., p. 2.

On June 12, 2014, this Court issued a Pretrial Scheduling Order, which required all pre-discovery disclosures to be made on or before July 1, 2014. Order, p. 1 [Docket No. 12]. Menard timely made its disclosures. [Docket No. 13]. Lemire did not make any disclosures. See Affidavit of Erica A. Weber, ¶3 [Docket No. 27].

Lemire did not appear at the show cause hearing. See Minute Entry [Docket No. 14]. At the hearing, this Court ordered Menard's counsel to submit an affidavit setting forth Menard's reasonable attorney's fees and costs associated with the pretrial scheduling conference. Id. Menard submitted the affidavit of Steven E. Tomsche, Esq., in which Tomsche stated that Menard had incurred $470 in attorney fees. See Affidavit of Steven E. Tomsche [Docket No. 15]. This Court ordered Lemire to pay Menard's counsel $470 on or before July 31, 2014, and stated "[f]ailure to make this payment by this date could result in additional sanctions, including dismissal of this action." Order dated July 9, 2014 [Docket No. 16].

On September 5, 2014, Menard moved for sanctions "and/or dismissal" of the lawsuit because Lemire failed to pay the $470 in sanctions, make his required pre-discovery disclosures, complete a Rule 26(f) report, attend the May 27, 2014 pretrial conference, or appear for the show cause hearing. Defendant's Memorandum in Support of Motion for Sanctions and/or Dismissal for Plaintiff's Ongoing Violations ("Def.'s Mem. in Support of Sanctions"), pp. 3-7 [Docket No. 19]. Menard argued that Lemire's pro se status did not excuse him from complying with the Federal Rules of Civil Procedure or this Court's orders. Id., p. 6. Menard's attorney submitted an affidavit

3

stating that Lemire had spoken with her initially regarding the matter, but then terminated communications.  Affidavit of Erica A. Weber, ¶3 [Docket No. 20].  Menard's counsel filed an affidavit of service stating that Menard's moving papers had been served on Lemire by first class mail.  See Affidavit of Service [Docket No. 21].

Lemire did not appear at the hearing on Menard's motion.  See Minute Entry [Docket No. 22].  This Court denied Menard's motion without prejudice and directed Menard to file a motion (a) compelling Lemire's compliance with this Court's June 11, 2014 Pretrial Scheduling Order requiring Lemire to file his Rule 26(a) disclosures; (b) compelling Lemire's compliance with the Court's July 9, 2014 Order requiring him to pay $470 to defense counsel as a sanction for failing to comply with the Court's March 31, 2014 Order for Pretrial Conference; and (c) alternatively, if Lemire failed to respond to Menard's motion and appear at the hearing, Menard could seek the issuance of a Report and Recommendation recommending dismissal of the lawsuit.  Order dated September 23, 2014 [Docket No. 23].  Menard complied with the Court's directive and filed its motion on September 23, 2014, with a hearing date of October 8, 2014.  See Docket Nos. 24-27 (Motion to Compel Discovery, Payment Pursuant to the Court's July 9, 2014 Order, and/or Defendant's Renewed Request for Further Sanctions, Notice of Hearing, Memorandum in Support of Motion, Affidavit of Erica A. Weber in Support of Motion).  The motion papers were served on Lemire by first class mail.  See Certificate of Service [Docket No. 28].

Lemire did not appear at the October 8, 2014 motion hearing.  See Minute Entry [Docket No. 29].  This Court granted Menard's motion to compel Lemire to produce initial Rule 26(a)(1) disclosures and ordered Lemire to make the disclosures on or by

October 22, 2014.  Order dated October 9, 2014, p. 1 [Docket No. 30].  The Court also granted Menard's motion to compel payment of the $470 in sanctions and required payment to be made on or by October 22, 2014.  Id.  This Court further directed that if Lemire failed to comply with this Order, Menard was to file and serve on Lemire a pleading notifying the Court of Lemire's non-compliance.  Id.  The Court stated "[s]hould plaintiff fail to comply with this Order, he is hereby advised that the Court will recommend dismissal of this lawsuit."  Id., p. 3.

On October 23, 2014, Menard filed a "Notice of Plaintiff's Non-Compliance with Court Order to Compel."  See Docket No. 31.[1]  Menard stated that Lemire had not complied with the Court's October 9, 2014 Order and renewed its request for dismissal.  Id.  Menard served this pleading on Lemire by first class mail.  See Certificate of Service [Docket No. 32].

## II.   DISCUSSION

Federal Rules of Civil Procedure 37(c)(1), 16(f) and 41(b) provide courts with the discretion to dismiss an action for failure to comply with court orders and the Federal Rules of Civil Procedure.  Rule 37(c)(1) provides that the court may impose any of the sanctions listed in Rule 37(b)(2)(A)(1)(i)-(vi), including dismissal, for a party's failure to make the disclosures required by Rule 26(a).  Rule 16(f) provides for the imposition of sanctions under Rule 37(b)(2)(A)(1)(ii-vii), including dismissal, if a party fails to attend a pretrial scheduling conference.  Rule 41(b) allows the court, acting sua sponte,[2] to

---

[1]    This pleading was erroneously dated September 23, 2014.  Menard's counsel refiled the document on October 28, 2014.  [Docket No. 33].

[2]    Menard did not move for dismissal under Rule 41(b).  Nonetheless, as noted above, the Court may consider dismissal under Rule 41(b) sua sponte.

dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order."  Fed. R. Civ. P. 41(b)[3]; Holly v. Anderson, 467 F.3d 1120, 1121 (8th Cir. 2006) ("The Court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order.") (citations omitted).

Rule 37 sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam).  The district court has "a large measure of discretion in deciding what sanctions are appropriate for misconduct." Hutchins v. A. G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997).

"To justify a sanction of dismissal, Rule 37 requires: (1) an order compelling discovery;[4] (2) a willful violation of that order; and (3) prejudice to the other party." Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co., 559 F.3d 888, 898 (8th Cir. 2009). The Court's discretion to issue Rule 37 sanctions "is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery."  Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir.1992)).  "'[T]he district court's discretion narrows as the severity of the sanction or

---

[3]    Fed. R. Civ. P. 41(b) provides "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."   This Court is recommending dismissal without prejudice for the reasons set forth in this Report and Recommendation.

[4]    An order compelling initial disclosures under Rule 26(a) may be treated as a discovery order.  See Ramada Franchise Sys., Inc. v. Patel, Civ. No. 03-3494, 2004 WL 1246566, at *3 (3d Cir. 2004).

remedy it elects increases.'" <u>Sentis Group, Inc.</u>, 559 F.3d at 898 (quoting <u>Wegener v. Johnson</u>, 527 F.3d 687, 692 (8th Cir. 2008)).   Dismissal "is among the harshest of sanctions, and 'there is a strong policy in favor of deciding a case on its merits, and against depriving a party of his day in court.'" <u>Sentis</u>, 559 F.3d at 898 (quoting <u>Fox v. Studebaker-Worthington, Inc.</u>, 516 F.3d 1016, 1020 (8th Cir. 1975)).   Nonetheless, dismissal is within the range of acceptable sanctions and the reviewing court will not "substitute our own judgment for that of the district court even though we may have chosen a different sanction had we been standing in the shoes of the trial court." <u>International Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.</u>, 380 F.3d 1084, 1105-1106 (8th Cir. 2004).   When the facts show willfulness and bad faith, the district court need not investigate the propriety of a less extreme sanction.   <u>Hairston</u>, 307 F.3d at 719.

Dismissal under Rule 41(b) may be appropriate if a plaintiff has "acted intentionally as opposed to accidentally or involuntarily." <u>Doe v. Cassel</u>, 403 F.3d 986, 990 (8th Cir. 2005) (citations omitted).   "A defendant's failure to abide by a court order despite 'a warning from the district court that he is skating on the thin ice of dismissal' evinces willfulness." <u>Williams v. U.S. Bank Nat'l Ass'n, N.D.</u>, Civ. No. 1201247 (DSD/JJK), 2013 WL 4050749, at *2 (D. Minn. Aug. 9, 2013) (quoting <u>Rodgers. v. Curators of Univ. of Mo.</u>, 135 F.3d 1216, 1221 (8th Cir. 1998)).   "Willful as used in the context of a failure to comply with a court order . . . implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance." <u>Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I-Blackbird Bend Area</u>, 933 F.2d 1462, 1468-69 (8th Cir. 1991); <u>see</u> <u>also</u> <u>Holly</u>, 467 F.3d at 1121 ("a district court may sua

sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order.") (citing <u>Hutchins v. A.G. Edwards & Sons, Inc.</u>, 116 F.3d 1256, 1259-60 (8th Cir. 1997); <u>Brown v. Frey</u>, 806 F.2d 801, 803 (8th Cir. 1986)).   In determining whether a court abused its discretion in dismissing a matter under Rule 41(b), the reviewing court "'employs a balancing test that focuses foremost upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court.'" <u>Smith v. Gold Dust Casino</u>, 526 F.3d 402, 405 (8th Cir. 2008) (quoting <u>Rodgers v. The Curators of the Univ. of Mo.</u>, 135 F.3d 1216, 1219 (8th Cir. 1998)).

The Court concluded that dismissal of this lawsuit without prejudice is appropriate under Fed. R. Civ. P. 37(c)(1), 16(f) and 41(b) for the following reasons.

First, Lemire's <u>pro</u> <u>se</u> status did not relieve him of his obligation to comply with court orders.  <u>See</u> <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.") (citation omitted); <u>Lindstedt v. City of Granby</u>, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer . . . ."); <u>Ackra Direct Mktg. Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, <u>pro</u> <u>se</u> representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.") (citations omitted).

Second, all of the elements for sanctions under Rule 37 have been satisfied:  this Court issued an order to appear at the scheduling conference, two orders compelling Lemire to make his required Rule 26(a) disclosures; and two orders directing Lemire to

pay $470 to Menard.   Lemire violated these orders and Menard was prejudiced by Lemire's conduct.   There is no evidence that Lemire did not receive the Order for Pretrial Conference, the Pretrial Scheduling Order, the Order to Show Cause, or the Order dated October 9, 2014.   The only conclusion the Court can reach is that Lemire willfully violated these orders.   Additionally, Menard has been prejudiced by Lemire's conduct.   Menard has been forced to bring repeated motions to secure Lemire's compliance with the Court's orders that he make his Rule 26(a) disclosures and in the interim, has been unable to investigate the factual bases of Lemire's claims.

Third, this Court has concluded that Lemire's conduct was willful and not inadvertent -- a finding that supports sanctions under Rule 41(b).   This Court warned Lemire four times that failure to comply with the Court's orders could result in the dismissal of his lawsuit.   <u>See</u> Order dated June 3, 2014, p. 1; Order dated July 9, 2014; Order dated September 23, 2014; Order dated October 9, 2014.   It should come as no surprise to Lemire that his chances of being sanctioned increased every time he disregarded an Order from this Court.   Lemire never contacted Menard's counsel or this Court to explain why he could not comply with the Court's orders.   <u>See</u> <u>Gold Dust Casino</u>, 526 F.3d at 405 (reversing dismissal with prejudice under Rule 41 because <u>pro se</u> plaintiff had informed the court that he was having heart surgery, which prevented him from complying with discovery deadlines, subsequently informed the court of his progress, and made "sincere efforts" to complete discovery).

Finally, this Court concluded that no lesser sanction than dismissal is appropriate.   Lemire has shown that warnings of sanctions and monetary sanctions do not spur him to act, as is evidenced by the fact that he failed to comply with the Court's

order to pay Menard $470 in attorney's fees.  Under these circumstances, dismissal is warranted.

Menard did not move for dismissal with prejudice and none of this Court's orders advised Lemire that he was facing dismissal of his claims with prejudice.  Under these circumstances the Court recommends dismissal without prejudice.

## IV.   RECOMMENDATION

For the reasons described above, the Court recommends that this matter be dismissed without prejudice.  This recommendation does not relieve Lemire of the obligation to pay Menard's counsel the $470 in attorney's fees previously ordered.


Dated:  November 7, 2014                    *Janie S. Mayeron*
                                            JANIE S. MAYERON
                                            United States Magistrate Judge


## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 21, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.